Jesus J. GARCIA MORA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–74761.

United States Court of Appeals, Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Virginia Lum, Washington, DC, for Respondent.

Before: CANBY, BEEZER and KOZINSKI, Circuit Judges.

## MEMORANDUM **

Jesus J. Garcia Mora, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider its prior order affirming an immigration judge's order denying cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, and we review de novo due process claims. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We deny the petition for review.

The BIA did not abuse its discretion in denying Garcia Mora's motion to reconsider as untimely, because the motion was filed more than two years after the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(2) ("A motion to reconsider a decision must be filed with the Board within 30 days after the mailing of the [BIA's] decision"). Garcia Mora cites no relevant authority to support his contention that, because his motion to reconsider raised a jurisdictional challenge, the BIA should have equitably tolled the deadline for filing the motion.

We reject Garcia Mora's contention that the BIA denied him due process by not addressing all the arguments raised in his motion to reconsider, because in conclud-

ing the motion was untimely, the BIA provided a reasoned explanation for its decision. *See Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005) (recognizing that the BIA must provide a reasoned explanation for its actions).

We reject Garcia Mora's contention that the BIA denied him due process by relying on an incomplete record in reviewing his motion to reconsider, because the BIA properly concluded his motion was untimely. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge to deportation proceedings, [an alien] must show error and substantial prejudice.").

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

